# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORINNE QUINONES,<br><br>                                    Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>                                    Defendant. | Case No.:  19-CV-0274 W (BLM)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [DOC. 2]** |

Plaintiff Corinne Quinones filed this action on February 6, 2019 seeking review of the denial of her application for Supplemental Security Income benefits.  (*Compl.* [Doc. 1].)  On February 11, Quinones filed an application to proceed in forma pauperis.  (*IFP App.* [Doc. 2].)

The Court decides the matter on the papers submitted.  For the reasons outlined below, the Court **GRANTS** the IFP application.  [Doc. 2.]

//

//

## I.    LEGAL STANDARD

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed in forma pauperis.  See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life."  Id. at 339 (internal quotations omitted).  At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar."  Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). "[T]he greater power to waive all fees includes the lesser power to set partial fees." Olivares v. Marshall, 59 F.3d 109, 111 (9th Cir. 1995).

The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty."  United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).  District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses.  See, e.g., Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal. 1995) (initially permitting Plaintiff to proceed in forma pauperis but later requiring him to pay $120 filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) ("[P]laintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action . . . .").  Permission to proceed IFP is

2

"a matter of privilege and not right[,]" <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1231 (9th Cir. 1984), and " 'in forma pauperis status may be acquired and lost during the course of litigation.' " <u>Baize v. Lloyd</u>, 2014 WL 6090324, at *1 (S.D. Cal. Nov. 13, 2014) (quoting <u>Wilson v. Dir. of Div. of Adult Insts.</u>, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009)).

## II. DISCUSSION

Quinones has satisfied her burden of demonstrating that she is entitled to IFP status. According to her declaration, she receives total monthly income of $937—$600 in monthly gift from her father (through his paying her rent), and $337 in public assistance. (*IFP App.* [Doc. 2].) Her monthly obligations are $600 for rent (paid by her father), $192 for food, $20 for clothing, $20 for laundry and dry-cleaning, $18 for transportation, $20 for recreation, and $100 for taxes—for a total of $970. (*Id.* [Doc. 2] 4–5.) She has $177 in an EBT account and $10 in cash. (*Id.* [Doc. 2] 2.) She owns no assets of value. (*Id.* [Doc. 2] 3.) She has no spouse, and no one relies on her for support. (*Id.* [Doc. 2] 2–3.) She has not been employed in the last two years. (*Id.* [Doc. 2] 2.)

The filing fee for an ordinary civil action is $400. Based on the foregoing, Quinones demonstrates that she lacks the means to pay the filing fee without sacrificing the necessities of life. <u>See</u> <u>Adkins</u>, 335 U.S. at 339–40. Accordingly, Quinones demonstrates entitlement to IFP status. <u>See</u> 28 U.S.C. § 1915.

//
//
//
//
//
//

**III.  CONCLUSION & ORDER**

For the reasons addressed above, the Court **GRANTS** Plaintiff's application to proceed IFP.  [Doc. 2.]  In light of the Court's ruling on the amended IFP application, the Court orders as follows:

> 1.  The United States Marshal shall serve a copy of the Complaint filed on February 6, 2019 and an accompanying summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285.  All costs of service shall be advanced by the United States.
>
> 2.  Defendant shall respond to the Complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

Additionally, the Court hereby **REFERS** all matters arising in this case to United States Magistrate Judge Barbara Lynn Major for a Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c)(1)(c).

If the parties seek to file motions, they shall contact the chambers of Judge Major to secure scheduling, filing, and hearing dates.  All motion(s) for summary judgment must be filed and served no later than **120 days** after the Government files its answer.

**IT IS SO ORDERED.**

Dated:  February 15, 2019

Hon. Thomas J. Whelan
United States District Judge

4